J-A10001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| EVERETT ABITBOL AND VALERIE ABITBOL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACEY GERHART AND JAMES GERHART | : | |
| | : | No. 2423 EDA 2022 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered September 21, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 200701934

BEFORE: PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 11, 2023**

Everett and Valerie Abitbol rented their Philadelphia residence to Tracey and James Gerhart. When the Gerharts broke the two-year lease, the Abitbols initiated this action for breach of contract seeking damages in the form of unpaid rent, interest, costs and attorneys' fees. The Gerharts now appeal from the order finding in favor of the Abitbols and directing the Gerharts to pay $248,297.98.

After being denied a stay in the trial court, the Gerharts filed an Emergency Motion for Supersedeas to this Court. We issued an order granting a stay, pending the resolution of this appeal. **See** Order 12/21/2022. The trial court provided a comprehensive account of the procedural and factual history

---

[*] Former Justice specially assigned to the Superior Court.

of the case which we need not repeat. *See* Trial Court Opinion, 11/22/2022, at 1-7.

The Gerharts raise the following issues for our review on appeal:

1) Did the court err in not finding that it lacked jurisdiction or power under the City of Philadelphia Ordinance to enter a verdict for Plaintiff due to the lack of rental licensing?
2) Did the lower court err in its handling of the application of evidence and burden of proof in the City of Philadelphia ordinances?
3) Did the court err in permitting Plaintiff's attorney's bill to stand without modification?

Appellant's Brief at 2 (unnecessary capitalizations omitted).

After reviewing the record, the parties' briefs, and the Honorable Michele D. Hangley's well-reasoned opinion, we conclude the Gerharts' issues merit no relief. The trial court's Pa.R.A.P. 1925(a) Opinion effectively disposes of the questions presented. *See* Trial Court Opinion, 11/22/2022, at 5-11. (Finding: the Abitbols' testimony from an accountant and real estate agent was sufficient to establish the existence of the appropriate rental licensing and prove they satisfied the city's requirements; there was no need to reach the question of burden of proof regarding the documents, but, if the burden did lay with the Abitbols, they satisfied it; the attorneys' fees were appropriate and the length of time spent working on the case was commensurate with the defense mounted by the Gerharts). We affirm on the basis of the trial court's opinion. Based on this decision, we lift the stay that was issued pending the resolution of this appeal.

Order affirmed. Stay lifted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/11/2023</u>

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

| | |
|---|---|
| **ABITBOL, *et al.*,** | : |
| **Plaintiffs,** | : **July Term, 2020, No. 01934** |
| | : **(200701934)** |
| **v.** | : |
| | : |
| **GERHART, *et al.*,** | : **2422 EDA 2022** |
| | : |
| **Defendants.** | : |
| | : |

**Hangley, J.**

## OPINION

In this lawsuit, Plaintiffs/Appellees, Valerie and Everett Abitbol, sued

Defendants/Appellants, Tracey and James Gerhart, for breach of a residential lease. After a

bench trial, this Court awarded damages and contractual attorney fees and costs to the Abitbols.

The Gerharts have appealed the Court's award and its Orders granting attorney fees and denying

the Gerharts' Post-Trial Motion. Because this Court did not make any errors of law and did not

abuse its discretion, the Superior Court should affirm.

OPFLD-Abitbol Etal Vs Gerhart Etal

### I.    BACKGROUND



20070193400166

#### A.    The Pretrial and Trial Proceedings

In 2019, the Abitbols decided to rent out their multimillion-dollar luxury condominium

(the "Property") in the Old City neighborhood of Philadelphia. The Abitbols retained an agent to

list the property, and the Gerharts, through their own real estate broker, offered to rent it. The

Gerharts signed a two-year lease with the Abitbols, which required payment of $13,500.00 a

month plus utilities. Halfway through the lease term, the Gerharts, who also owned or rented

several other residences, moved out and stopped paying rent. The Abitbols filed suit for breach

of contract and trespass to chattels, seeking unpaid rent and compensation for damage to the condominium. The Gerharts counterclaimed for, *inter alia*, breach of Pennsylvania's implied warranty of habitability.

As the docket reflects, pretrial proceedings were complex and heavily litigated. The Gerharts failed to produce discovery until the Court ordered them to do so, requiring a motion for sanctions. The parties engaged in extensive motion practice, including preliminary objections to claims and counterclaims and motions for summary judgment on both sides.

This Court held a bench trial on March 16, 2022. Of the factual issues raised at the trial, the only ones that are relevant to this appeal involve whether the Abitbols had a City of Philadelphia rental license for the Property and whether they provided the Gerharts with a Certificate of Rental Suitability at the beginning of the lease term. Under the Philadelphia Code, a property owner must have a rental license in order to put a property up for rent. Before any residential tenant moves in, the owner must secure a Certificate of Rental Suitability from the City; this Certificate confirms that the leased premises are properly licensed and permitted. A landlord who fails to secure a rental license or to provide a tenant with a Certificate of Rental Suitability may not "collect rent during or for the period of noncompliance." Phila. Code § 9-3901(4)(e); *see id.* §§ 9-3902 ("Rental Licenses"), 9-3903 ("Certificate of Rental Suitability; Required Tenant Documents").

The Code also requires that "In any action for eviction or collection of rent, the owner shall attach a copy of the [rental] license." *Id.* § 9-3901(4)(e). The Abitbols did not attach a copy of their rental license to their Complaint, but the Gerharts did not raise this issue in their Preliminary Objections, which waived that procedural issue. Accordingly, the question of

2

whether the Abitbols had complied with the licensing and certification provisions of the Philadelphia Code was unanswered when the case went to trial.

At trial, Mr. Abitbol testified that before the Abitbols leased out the Property, he worked with his accountant to ensure that all the necessary paperwork, including a rental license, was in order. Tr. 48:8-25. He was certain that he had secured the proper licenses and that he gave the Gerharts a packet of documents that included a rental license and a Certificate of Rental Suitability. Tr. 48:23-49:19. He testified that he had retained a copy of the packet of documents he gave to the Gerharts, but that after a tumultuous year in which the Abitbols' family business failed, they moved their business office, and their office flooded, he had misplaced the packet. Tr. 49:16-52:24. He also testified that he had tried to secure confirmation from the City that the Property had the necessary licenses at the time the Gerharts signed the lease, but had been unable to find the information on the City's website. Mr. Abitbol testified that he had some familiarity with the City's licensing and permitting processes, and knew that the City had changed its online systems in ways that made old licenses and permits impossible to find. Tr. 54:10-17; 55:2-7. Mr. Abitbol also testified that because of pandemic closures, he had been unable to seek the information in person. Tr. 54:6-55:7; 56:3-11.

Mrs. Gerhart, on the other hand, made a conclusory statement that she had never received a copy of the Certificate of Rental Suitability. She did not explain the basis for her belief. Tr. 174:18-22. Like the Abitbols, the Gerharts did not offer into evidence a copy of the package of documents they received from Mr. Abitbol; unlike the Abitbols, they did not explain why they did not do so.

The Gerharts' attorney also cross-examined Mr. Abitbol about two documents, which were reproduced in a court filing that the Gerharts marked as DX-10. Tr. 100:8-110:4. One of

3

these was a pair of screenshots that Mr. Abitbol had made from City websites, and the other was a document that, the Gerharts' attorney argued, was an exemplar of an actual Certificate of Rental Suitability. *See* DX-10 ¶¶ 9, 11. The entire line of questioning about these documents was confused, and all that this Court could deduce from it was that neither Mr. Abitbol nor the Gerharts' attorney had a good understanding of how the City's databases worked. Tr. 99:5-110:4.

DX-10 also contains a reproduction of a third document, which appears to be a screenshot of a "Property address search" on the website of the City Department of Licenses & Inspections. *See* DX-10 ¶ 16. This document lists several permits and licenses for the Property, including a single "Business license – 3202 rental" issued on July 12, 2021. There was no testimony about this document, and no explanation of what database it came from, who pulled it from that database, or what information that person entered when they searched the database. There was also no testimony about what a listing of a single "Business license – 3202 rental" means on this particular form, where the information in the underlying database comes from, or how reliable and up to date that information is. Without testimony or explanation, the Court could not conclude from the "Property address search" document that the July 12, 2021 license was the only rental license ever issued for the Property; the document could also mean, among other things, that the July 12, 2021 license was the only active license at the time the "Property address search" form was printed, that it was the most recent license, or that older licenses had not yet been entered into the City's new database.[1]

---

[1] In their post-trial briefing, the Gerharts urged this Court to take judicial notice that "if the Court enters the address of Plaintiffs['] property at 115 N. Orianna Street" on the Licenses & Inspections website (https://li.phila.gov/property-history), "the Court will get a printout that matches in all particulars" the "Property address search" included in DX-10. When this Court recently searched the website for the address shown on the "Property address search" – 115-21 N Orianna St #2 – the search result included no licenses at all, not even the July 12, 2021 license.

At the close of testimony, the Gerharts' counsel offered into evidence the two images in DX-10 that Mr. Abitbol had testified about. *See* DX-10 ¶¶ 9, 11; Tr. 221:7-19. He did not offer into evidence the third image in DX-10, the "Property address search." The Abitbol's counsel agreed to the admission of the first image in DX-10 (DX-10 ¶ 9), but objected to the admission of the second image (DX-10 ¶ 11). Tr. 222:16-223:2. Over the Abitbol's counsel's objection, this Court admitted all of DX-10 into evidence "for whatever evidentiary value and whatever was presented ... [DX-10] is not admitted for every purpose and in full. It's admitted for what was testified to during trial." Tr. 223:11-19.

## B. This Court's Findings of Fact and Conclusions of Law

After requesting and reviewing post-trial briefing, this Court issued findings of fact and conclusions of law on June 15, 2022. With respect to the license and certificate issues, this Court found that despite the fact that the Abitbols were not able to produce the actual documents, they had proved that they had a rental license at the time they rented their condominium to the Gerharts and that they had generated and provided the Gerharts with a Certificate of Rental Suitability. June 15, 2022 Op. at 4-6. This Court found that Mr. Abitbol testified very credibly on this subject, and that he had a plausible explanation for his inability to find the documents. *Id.* at 6. The Court also took into account the fact that an accountant and a real estate agent, who would have been well aware of the City's requirements, had assisted the Abitbols with leasing the Property, *see* Tr. 34:6-35:1, 48:11-49:15; that the Gerharts also were represented by a real estate broker, who also could have noticed if any required paperwork was missing, Tr. 35:5-10; and that there was no evidence of any potential code violations or other issues that would have kept the Abitbols from licensing the Property. This Court found Mrs. Gerhart's testimony that she did

---

This exercise only confirmed this Court's view that it could not rely on the "Property address search" document as proof of any relevant fact.

5

not receive a Certificate of Rental Suitability not credible. June 15, 2022 Op. at 8-9. In making this determination, this Court took into consideration Mrs. Gerhart's demeanor, her failure to explain how she could remember that she did not receive a particular piece of paper connected to one of her several residences, her failure to provide any of her own documentation of the leasing process or to explain her inability to do so, and the reliability of her testimony on other issues disputed in the trial.

In its discussion, this Court referred to the "Property address search" screenshot that was included in DX-10. This Court wrote that "[t]his printout was uncertified and unauthenticated; moreover, the Gerharts did not offer the testimony of anyone qualified to explain the Department's records, and it was not clear to the Court that the printout meant what the Gerharts contended that it meant. The Court therefore disregarded this document." June 15, 2022 Op. at 5.

This Court found in favor of the Abitbols on their claim for breach of contract and awarded them $148,500.00, representing the rent payments that were still owing under the lease after the Gerharts vacated the Property. This Court found against the Abitbols on their claim for trespass to chattels. Finally, the Court found against the Gerharts on their counterclaims. *Id.* at 13.

### C.    Post-Trial Filings

The Gerharts filed a Motion for Post-Trial Relief, seeking a directed verdict, new trial, dismissal for lack of jurisdiction, and/or remittitur. On the same date, the Abitbols filed a Motion for Attorneys' Fees and Costs, relying on the lease provision that allowed the Abitbols to seek their "reasonable attorney's fees and costs" arising from any breach of the lease. The Abitbols attached a printout of their legal bills, which showed a discounted amount of $97,479.90 in attorneys' fees, and invoices showing $2,318.08 in costs, along with a supporting declaration. *See* Motions filed on June 27, 2022.

6

On August 3, 2022, the Gerharts attempted to supplement the record with a new piece of evidence. According to their filing, "[t]he Department of Licenses and Inspections has weighed in and confirmed Defendants' testimony at trial." Aug 3, 2022 Br. at 1. Attached to this filing was a cover email for a Right to Know Act request that the Gerharts' attorney made the week after this Court filed its Opinion, and the Department's response. The Gerharts' filing does not include the actual Right to Know Act form, so it is not clear what the Department was responding to. The Department's response is ambiguous.

The Court held argument on September 16, 2022. On September 19, 2022, it denied the Gerharts' Post-Trial Motion and granted the Abitbols' Motion for Attorneys' Fees and Costs. It entered an award molding the verdict to add $97,479.90 in fees and $2,318.08 in costs, for a total verdict of $248,297.98.

## D. The Appeal

The Gerharts timely filed a Notice of Appeal from this Court's June 15, 2022, award, its September 20, 2022, award of attorney fees and costs, and its September 20, 2022 denial of the Gerharts' Post-Trial Motion. At this Court's direction, the Gerharts filed a statement pursuant to Pa. R.A.P. 1925(b). They raise five issues for appeal:

1. That the exclusion of the unobjected-to evidence of Plaintiffs not having a Philadelphia Rental License or a Philadelphia Rental Suitability License for failure to conform to Rule 902 of the Pennsylvania Rules of Evidence in an opinion issued three months after trial was *sua sponte* by the Court and reversible error;

2. That in the alternative, the supplementary evidence submitted in certified form to the Court in the post-trial motions confirming that Plaintiffs did not have such licensing is admissible, as there was never any expectation by either party that a certified copy would be needed, nor an objection entered on the record to it, and thus the failure to have it at trial was not due to the lack of reasonable diligence of counsel;

7

3.      That the burden was on Plaintiffs under the Ordinance, §9-301, to prove that they had such licensing, not on Defendants to prove that Plaintiffs did not, and that the Plaintiffs' case should have been dismissed or nonsuited for failure to produce such evidence;

4.      That the Court erred in not finding that it lacked jurisdiction due to the lack of such licensing, as jurisdictional questions were preserved and can be raised at any time; and

5.      That the Court erred in permitting Plaintiffs' attorneys bill to stand without reduction, as the testimony relating to it by Plaintiffs" counsel was incredulous, and the basis for the work entirely premised on the lack of licensing.

Oct. 14, 2022, Statement of Matters Complained of on Appeal, at 1-2.

## II.      DISCUSSION

### A.      This Court Did Not Abuse Its Discretion or Commit any Error of Law in Finding That the Property Was Licensed and the Abitbols Gave the Gerharts a Certificate of Rental Suitability

The Superior Court applies a deferential standard of review to the factual determinations that a trial court makes at a bench trial:

> In a bench trial it is the duty of the trial judge to judge credibility of the witnesses and to weigh their testimony. His findings will not be reversed unless it appears that he has clearly abused his discretion or committed an error of law ... for it is not the duty of an appellate court to find the facts but to determine whether there was evidence in the record to justify the trial court's finding of fact.

*Weir by Gasper v. Est. of Ciao*, 556 A.2d 819, 824 (Pa. 1989) (citations omitted). Here, the Gerharts have not offered any basis to conclude that this Court clearly abused its discretion or made an error of law.

First, the Gerharts argue that this Court erroneously excluded the "unobjected-to" "Property address search" from evidence as unauthenticated pursuant to Pa. R. Ev. 902. This argument misstates the record in several ways:

- The Gerharts never offered the "Property address search" document into evidence in the first place;

8

- This Court accepted the "Property address search" document into evidence, but only as part of a larger document, DX-10, stating that that larger document was "not admitted for every purpose and in full. It's admitted for what was testified to during trial"; Tr. 223:14-19;

- The Abitbols objected to the admission of this larger document, Tr. 223:14-15;

- This Court did not exclude the "Property address search" document from evidence in its findings of fact and conclusions of law. For a number of reasons, it simply decided not to give the document any weight. June 15, 2022 Op. at 5.

The Gerharts argue in their Post-Trial Motion, however, that once the Court accepted the "Property address search" into evidence (even as part of a larger document admitted with caveats), the Court was bound to accept the document as incontrovertible proof that the Abitbols did not have a rental license when they rented the Property to the Gerharts. Here, the Gerharts misstate the law. A trier of fact is not required to draw any particular conclusions from evidence simply because that evidence was admitted. The trier of fact "exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence." *Commonwealth v. Sanchez*, 36 A.3d 24, 26-27 (Pa. 2011). Here, for the reasons that this Court has explained, this Court decided that the "Property address search" was entitled to no evidentiary weight at all. This decision was well supported and was not an abuse of discretion.

The Gerharts' second argument is that the evidence they submitted on August 3, 2022 was merely a certified copy of the evidence they submitted during trial, and this Court should therefore have admitted and considered it. Again, this argument misstates the record. The August 3, 2022, filing did not include a certified copy of the "Property address search"; it included an entirely new document from the Department of Licenses & Inspections. The Gerharts' attempt to submit new evidence after the trial record was closed and this Court had ruled was improper, and this Court had no obligation to consider the evidence. Moreover, the new documentation the

9

Gerharts submitted was incomplete and ambiguous, and would not have changed this Court's conclusions in any event.

Another misstatement of the record comes in the Gerharts' third assignment of error, which is that this Court improperly put the burden on the Gerharts to prove that the Abitbols had not complied with the rental licensing and Certificate of Occupancy provisions of the Philadelphia Code. As this Court stated clearly in its Opinion, it did not reach the question of where the burden of proof lay, but determined that if the burden lay with the Abitbols, the Abitbols had met that burden. Op. at 11 n.3. The Gerharts' fourth assignment of error fails for a similar reason: Because the Court determined that the Abitbols had the appropriate license, there was no need for the Court to consider whether the lack of a license would have created a jurisdictional issue.

### B.    This Court Did Not Abuse Its Discretion in Awarding Attorney Fees

"Trial courts have great latitude and discretion in awarding attorney fees when authorized by contract or statute. Generally, the [decision on] a request for attorneys' fees is a matter within the sound discretion of the trial court, which will be reversed on appeal only for a clear abuse of that discretion." *Cummins v. Atlas R.R. Const. Co.*, 814 A.2d 742, 746 (Pa. Super. 2002). Here, this Court carefully reviewed the evidence of the Abitbols' attorney fees and costs, and questioned the Abitbols' attorney in detail at oral argument. This Court concluded that the Abitbols' lawyers' hourly rates were appropriate and that the amount of time expended was less than what might have been expected, in light of the case's length and complexity. This Court took note of the fact that the Gerharts mounted a ferocious defense to the case by, *inter alia*, refusing to cooperate with discovery, pursuing defenses that had little to no chance of success (including their argument that a few cosmetic flaws and minor repair issues in their $13,500-month luxury residence constituted a breach of the implied warranty of habitability), and

10

repeatedly, and unsuccessfully, pressing the rental license issue at various stages of the proceeding.

In their Post-Trial Motion, the Gerharts argued that this Court should have slashed the Abitbols' requested fees because the Abitbols could have litigated the case more cheaply in the Philadelphia Municipal Court than in the Court of Common Pleas. This argument fails for several reasons. First, the Abitbols had the right to litigate the case in whatever way they thought would be most effective. They decided that the Court of Common Pleas was the best venue for their claims, and this Court cannot second guess that decision. Second, initiating the case in Municipal Court could very well have added to the total expense, because the losing party in Municipal Court could have (and, given the parties' contentious relationship, likely would have) filed a *de novo* appeal in the Court of Common Pleas. Finally, the Gerharts ignore the fact that they, more than the Abitbols, made decisions that drove up the Abitbols' attorney fees. It was the Gerharts' decision to break their lease, leaving the Abitbols in a difficult financial position, and it was their decision to try to avoid their obligations by arguing technicalities and mounting a scorched earth defense. The Gerharts knew that if they lost, they would be liable for attorney fees; they must accept the consequences of their decisions. This Court did not abuse its discretion by awarding the fees the Abitbols sought.

## III.     CONCLUSION

For the reasons stated above, the Superior Court should affirm this Court's rulings.

BY THE COURT:

MICHELE D. HANGLEY, J.
November 21, 2022

11